NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JRS MANAGEMENT,**
*Appellant*

**v.**

**LORETTA E. LYNCH, Attorney General,**
*Appellee*

---

2014-1834

---

Appeal from the Civilian Board of Contract Appeals in No. 3288, Administrative Judge James L. Stern, Administrative Judge Joseph A. Vergilio, Administrative Judge R. Anthony McCann.

---

Decided: June 16, 2015

---

MICHELE YVETTE SIMS, Sims Law Firm, Duluth, GA, for appellant.

DEVIN ANDREW WOLAK, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for appellee. Also represented by JOYCE R. BRANDA, ROBERT E. KIRSCHMAN, JR., DONALD E. KINNER; NIHAR H. VORA, Office of General Counsel,

Federal Bureau of Prisons, United States Department of
Justice.

————————————

Before O'MALLEY, PLAGER, and TARANTO, *Circuit
Judges.*

O'MALLEY, *Circuit Judge.*

JRS Management ("JRS") appeals from a decision of
the Civilian Board of Contract Appeals ("the Board")
denying its appeal for failure to raise a genuine issue of
material fact with respect to JRS's contractual dispute
with the Department of Justice ("DOJ"). Because the
Board, in reaching its decision to deny JRS's claim,
abused its discretion in treating the DOJ's motion to
dismiss as a motion for summary judgment, we *vacate
and remand.*

### BACKGROUND

JRS entered into a one-year contract with the DOJ to
provide culinary arts instruction at a Bureau of Prison
Federal Correctional Institution ("FCI") in Miami, Flori-
da. The contract had an effective date of August 8, 2011,
with four optional one year extension periods. Under the
terms of the contract, JRS was required to provide a
qualified instructor with: at least one year teaching
experience; a Florida teaching certificate or non-degree
vocational teaching certificate; three years specialized
experience in hospitality, hotel/restaurant management,
or a related culinary arts field; and a bachelor or associate
degree in culinary arts or related fields. Joint Appendix
("J.A.") 75. The contract stated that DOJ would "furnish"
the curriculum and that JRS would "develop, teach and
manage the culinary arts program." *Id.*

Soon after the contract went into effect, JRS began its
efforts to find a suitable instructor, but was unable to do
so for several months. Because of the delay, the DOJ

informed JRS that it might terminate the contract, but in March 2012, the DOJ placed a task order, requesting instructor services for FCI Miami from April 2 through August 7, 2012. In May 2012, JRS submitted five potential candidates to the DOJ, and requested a copy of the curriculum and other materials to be used during the culinary course from the DOJ. With respect to the proposed instructors, the DOJ concluded that four of the five were not viable candidates. The last candidate did meet the DOJ's educational and experience standards, however, and was told to report on June 8, 2012 to complete the background and clearance processes. Regarding the curriculum, the DOJ indicated its belief that it was JRS's duty to provide the curriculum, but, "to avoid confusion," it agreed to supply a copy of the curriculum. JA 154. On this same day, the DOJ notified JRS of its preliminary intent to exercise the first option year. JRS acknowledged this preliminary notice on June 1, 2012. It also contacted the DOJ to discuss the qualifications of the rejected candidates and ask for details regarding the June 8, 2012 appointment for the qualifying candidate. JRS claims that the DOJ never provided sufficient details regarding the June 8 appointment to facilitate the instructor's ability to keep that appointment. The DOJ does not directly refute this point, simply stating that the candidate did not appear on June 8, 2012. The DOJ decided not to exercise the first year option on June 15, 2012 and the contract expired on August 7, 2012.

On October 15, 2012, JRS submitted a claim to the DOJ, seeking $18,431.73 in monetary damages resulting from the DOJ's alleged breach of contract and its arbitrary decision not to exercise its option. The DOJ denied this claim on December 13, 2012. JRS appealed this decision to the Board in March 2013.

Before the Board, JRS filed a complaint alleging that the DOJ was liable under four theories: (1) the DOJ materially breached the contract by failing to perform

several of its obligations, including processing background checks for JRS's instructors and furnishing curriculum so that JRS could further develop the curriculum; (2) the DOJ breached the contract when it interpreted the contract to require that, among other things, JRS furnish passport photos of potential instructors to assist the DOJ in its clearance process; (3) the DOJ breached the covenant of good faith and fair dealing when it prevented JRS from providing culinary art instruction because it improperly disqualified potential instructors, did not complete background checks, and failed to provide security orientation training and furnish curriculum to JRS; and (4) the DOJ acted in bad faith and retaliated against JRS for its objections to DOJ's conduct during the year by electing not to exercise the first year option.

Following JRS's complaint, the DOJ filed its answer on May 20, 2013, and then filed a motion to dismiss with prejudice under Board Rule 12(c), alleging that JRS's complaint did not support any of its allegations, and, thus, should be dismissed.[1]  JRS opposed the motion, arguing that the existence of disputed material facts precluded the entry of judgment on the pleadings.  At the same time, JRS also sought and was granted leave to file an amended complaint, which further detailed JRS's asserted grounds for relief.  JRS also attached a number of supporting documents to its amended complaint.

Upon consideration, the Board decided to treat the DOJ's motion to dismiss the original complaint as a

---

[1]    Before the Board, the parties agreed that the DOJ's motion was akin to a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). *See* J.A. 212.  Unlike a motion to dismiss, which must be filed before a defendant answers or is waived, a motion for judgment on the pleadings is filed after a defendant files its answer.  Fed. R. Civ. P. 12(b)–(c).

motion for summary relief on the amended complaint and did so without providing notice to the parties. *JRS Mgmt. v. Dep't of Justice*, No. CBCA 3288, slip op. at 2 (May 28, 2014) ("*Bd. Decision*"). In addressing the merits, the Board determined that there were no material facts in dispute and that the issues between the parties largely could be decided by the language of the contract. *Id*. at 11. Specifically, the Board concluded that, under the contract, the DOJ had no obligation to, inter alia, provide curriculum, complete background checks or provide security training for unqualified candidates, or provide notice that it would not be exercising the option to extend the term of the contract. *Id*. at 12–15. Because it concluded that JRS had intended to use multiple instructors to complete performance, and only one candidate possibly satisfied the qualifications outlined in the contract, the Board also determined that JRS had failed to satisfy its obligation to provide instructors under the contract, and, thus, there could be no breach of the contract by the DOJ. Additionally, because the DOJ was not obligated to exercise the option to continue the contract, the Board found that the DOJ's failure to do so could not be equated to bad faith or unfair dealing, or an arbitrary or capricious abuse of discretion. *Id*. at 14–15. Accordingly, the Board denied JRS's appeal.

JRS filed a motion to reconsider, asking the Board to either reverse or set aside its decision. Because the Board failed to provide JRS notice of its intention to treat the DOJ's motion to dismiss as a motion for summary judgment, JRS asserted that it was deprived of the opportunity to set forth specific facts that would have illustrated genuine issues of material fact. Among other things, JRS claims that it would have provided evidence that the DOJ, in fact, agreed to provide the curriculum, that JRS only proposed additional candidates to act as substitutes and that a single candidate could easily satisfy the requirements, and that it was the DOJ who made it impossible

for the qualifying candidate to complete the background process. The Board disagreed, explaining that, because JRS filed an amended complaint and additional evidence that went beyond its initial complaint, it was appropriate for the Board to treat the DOJ's motion to dismiss as one for summary judgment. *JRS Mgmt. v. Dep't of Justice*, No. CBCA 3288-R, slip op. at 2 (August 5, 2014) ("*Reconsideration Decision*"). And, the Board found that the issues raised by JRS were controlled by the language of the contract, which the Board found it had the authority to construe. *Id.* Thus, the Board denied JRS's request for reconsideration.

JRS timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(10).

DISCUSSION

The Board's decision to treat a motion to dismiss as a motion for summary judgment is reviewed for an abuse of discretion. *See Easter v. United States*, 575 F.3d 1332, 1335 (Fed. Cir. 2009). A decision to grant summary judgment is a legal conclusion we review without deference. *Rex Sys., Inc. v. Cohen*, 224 F.3d 1367, 1371 (Fed. Cir. 2000). Summary judgment is appropriate when, drawing all justifiable inferences in the nonmovant's favor, there exists no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Lastly, any "decision of [an] agency board on a question of law is not final or conclusive; but [a] decision of the agency board on a question of fact is final and conclusive and may not be set aside unless the decision is—[]fraudulent, arbitrary, or capricious; [] so grossly erroneous as to necessarily imply bad faith; [] or not supported by substantial evidence." 41 U.S.C. § 7107(b).

When resolving procedural matters not directly addressed by the Board's own rules, the Board consults the

Federal Rules of Civil Procedure for guidance. *Orlando Helicopter Airways v. Widnall*, 51 F.3d 258, 262 n. 1 (Fed. Cir. 1995). With respect to the decision to convert a motion to dismiss into a motion for summary judgment, the Board's rules are silent. Accordingly, we review the propriety of the Board's decision in this case in light of Federal Rule of Procedure 12(d), which states, "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleading are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56 [and] [a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."

Here, there is no dispute that the Board provided no notice to the parties before it decided to treat the DOJ's motion to dismiss as a motion for summary judgment. The DOJ argues, however, that the Board did not need to provide *actual* notice to JRS, because JRS had constructive notice of the potential conversion. Specifically, the DOJ alleges that JRS was aware that the DOJ filed extra-pleading evidence in the form of the appeal file, which is a collection of "all documents and other tangible things relevant to the claim and to the contracting officer's decision which has been appealed." Bd. R. 4(a). Additionally, the DOJ asserts that JRS knew the motion to dismiss was based upon extra-pleading evidence, because JRS, in its response to the motion, objected to the fact that the motion to dismiss contained material factual allegations outside the pleadings. Lastly, the DOJ contends that JRS's original and amended complaints contained several pinpoint citations to evidence in the appeal file, and JRS's amended complaint included five other documents. The DOJ argues that these cites and materials were outside the pleadings; thus, the DOJ alleges that JRS knew or should have known that evidence beyond the initial pleadings had been presented to the Board.

Some courts have concluded that "in a case . . . [where] it is the non-moving party that introduces extra-pleading matter, that party is deemed to be on constructive notice that the court may convert the motion into a motion for summary judgment." *Easter v. United States*, 575 F.3d 1332, 1335 (Fed. Cir. 2009) (*citing Rubert-Torres v. Hospital San Pablo, Inc.*, 205 F.3d 472, 475 (1st Cir. 2000); *Gurary v. Winehouse,* 190 F.3d 37, 42–43 (2d Cir. 1999); *Hamm v. Rhone-Poulenc Rorer Pharms., Inc.*, 187 F.3d 941, 948–50 (8th Cir. 1999); *San Pedro Hotel Co. v. City of Los Angeles*, 159 F.3d 470, 477 (9th Cir. 1998)). Here, although the DOJ argues that JRS should have been aware that the appeal file was before the Board, that file was submitted by the DOJ—not JRS. Thus, we cannot say that JRS had constructive notice based on these materials.

Further, to the extent that JRS itself submitted extra-pleading materials to the Board, the Board did not make a determination that extra-pleading matters had been presented to it in its original opinion. Instead, the Board merely said that "[t]he agency has filed a motion to dismiss, which the Board treats as a motion for summary relief," and "[t]he amended complaint is not substantively different from the complaint for purposes of resolving the motion, which the Board treats as a motion for summary relief." *Bd. Decision* at 2, 10. It was not until JRS moved for reconsideration that the Board concluded that JRS "submitted an amended complaint and additional evidence, as well as a response in opposition to the motion" and that "[t]he amended complaint and additional evidence went beyond the initial pleadings addressed in the agency's motion to dismiss." *Reconsideration Decision* at 2. The Board determined that this extra evidence justified its decision to consider the DOJ's motion to dismiss as a motion for summary judgment. *Id.*

There are several problems with the procedures employed by the Board in this case. First, once the Board

authorized JRS to file an amended complaint, the motion to dismiss the original complaint, which had been superseded, was rendered moot. The DOJ could have filed a new motion to dismiss, and even could have asked to incorporate its prior arguments therein, but it did not do so.

Second, while JRS's amended complaint did include attachments, attachments to a complaint are considered part of the complaint. *See* Bd. R. 6(b) ("No particular form is prescribed for a complaint . . . ."); Fed. R. Civ. P. (10)(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleadings for all purposes."). Thus, while the Board was free to consider those attachments when ruling on the 12(c) motion (assuming one was actually pending), it could not use those attachments to justify converting the DOJ's motion to a motion for summary judgment without notice. *See* Bd. R. 6(a) ("Pleadings required and permitted. Except as the Board may otherwise order, the Board requires the submission of a complaint and an answer."); Fed. R. Civ. P. 7(a) (noting that a pleading includes a complaint); Fed. R. Civ. P. 12(d) (premising the conversion of a motion to one for summary judgment on the finding that matters outside the pleadings had been presented to the court). This is particularly true where the Board did not limit its summary judgment review to only those attachments.

The Board compounded its procedural errors, moreover, by resolving material factual disputes against JRS, the non-movant. It is evident from the record that the parties disagreed about key aspects of this case, including who would provide the curriculum, how many instructors JRS was required to provide, and whether the DOJ had prevented JRS from performing by failing to process its proposed candidates properly. Both sides cite to conflicting evidence regarding the intent of the parties, creating "question[s] of material fact underlying the issue of contract interpretation." *Beta Sys., Inc. v. United States*, 838

F.2d 1179, 1183 (Fed. Cir. 1988). In light of these factual disputes, it was inappropriate for the Board to grant summary judgment in favor of the DOJ. *See id.* (reversing a grant of summary judgment when extrinsic evidence had to be considered in order to determine the parties' intent with respect to a contract). Accordingly, we vacate the Board's denial of JRS's claim and remand the case for further proceedings following full development and consideration of all relevant disputes.

CONCLUSION

For the foregoing reasons, the Board's decision denying JRS's appeal is vacated and remanded.

**VACATED AND REMANDED**